UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE P. KAPLAN, | ) |
| Plaintiff, | ) |
| vs. | ) No. 4:07CV805 HEA |
| KEVIN HOHMAN and ANTHONY VECCHIE, | ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Disqualification and Removal of Counsel, [Doc. 12]. Plaintiff opposes the motion. For the reasons set forth below, the motion is granted in part and denied in part.

Plaintiff is an attorney and principal in the firm of Kaplan Associates, LLC. Plaintiff's law firm filed this action on behalf of Plaintiff to recover for alleged breaches of one or more oral agreements. Although the initial complaint was signed by Joshua M. Avigad, an attorney with Kaplan Associates, Plaintiff also desires to act in the dual role of party and attorney. Defendants move to disqualify Lawrence P. Kaplan from acting as counsel on behalf of himself in this matter. Defendants have no problems with Mr. Avigad acting as counsel for plaintiff, but contend that Plaintiff should be disqualified as counsel of record because he will be a necessary witness at trial. Defendants seek to disqualify Kaplan from participating as counsel

completely in this matter, including throughout the pretrial stages. Defendants rely on Rule 4-3.7 of the Missouri Supreme Court Rules of Professional Conduct for disqualification.

Rule 4-3.7 provides:

A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

This Rule, however, is not as far reaching as Defendants exhort.

As the Eighth Circuit Court of Appeals has very recently discussed, a lawyer who is likely to be a necessary witness may continue to represent a client in the pretrial stage.

"In most jurisdictions, a lawyer who is likely to be a necessary witness may still represent a client in the pretrial stage." *DiMartino v. Eighth Jud. Dist. Ct.,* 119 Nev. 119, 66 P.3d 945, 946 (2003) (citing *Culebras Enters. Corp. v. Rivera-Rios,* 846 F.2d 94 (1st Cir.1988); *United States v. Castellano,* 610 F.Supp. 1151, 1167 (S.D.N.Y.1985); ABA Comm. on Ethics and Prof'l Responsibility, Informal Op. 1529 (1989); and State Bar of Mich. Comm. on Prof'l and Jud. Ethics, RI-299 (Dec. 18, 1997)); *see also World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.,* 866 F.Supp. 1297, 1303 (D.Colo.1994) ("Rule 3.7 applies only to an attorney acting as an advocate at trial. Thus, with the

informed consent of the client, a lawyer who is likely to be a necessary witness may accept employment and continue to represent the client in all litigation roles short of trial advocacy." (internal quotations omitted)); *Cerillo v. Highley,* 797 So.2d 1288, 1289 (Fla.Dist.Ct.App.2001) (concluding trial court erred in disqualifying counsel who would be witness at trial from participating in pretrial depositions); *In re Bahn,* 13 S.W.3d 865, 873 (Tex.App.2000) ("[A]n attorney who is disqualified from representation at trial can continue to participate in the client's case until trial commences.").

One purpose of the necessary witness rule is to avoid the possible confusion which might result from the jury observing a lawyer act in dual capacities-as witness and advocate. The jury is usually not privy to pretrial proceedings, however, so the rule does not normally disqualify the lawyer from performing pretrial activities; the one exception is when the "pretrial activity includes obtaining evidence which, if admitted at trial, would reveal the attorney's dual role." *World Youth Day,* 866 F.Supp. at 1303.

*Droste v. Julien* 477 F.3d 1030, 1035-1036 (8th Cir. 2007).

Furthermore, Rule 4-3.7, by its own terms, "only prohibits a lawyer from acting as an 'advocate *at a trial* in which the lawyer is likely to be a necessary witness.' (Emphasis added)." *Id*. Because Rule 4-3.7 on its face does not apply to pretrial proceedings, Mr. Kaplan is not precluded from participating in the preparation of this matter for trial.

Notwithstanding that Mr. Kaplan may act as counsel during pretrial, because Mr. Kaplan is likely to be a necessary witness in this matter, Rule 4-3.7 would prohibit him from representing himself, as counsel, at trial.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Disqualification and Removal of Counsel, [Doc. 12], is granted with respect to trial, and denied with respect to pretrial matters.

Dated this 24th day of July, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE