UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAWRENCE P. KAPLAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:07CV805 HEA |
| | ) |
| KEVIN HOHMAN and ANTHONY VECCHIE, | ) |
| | ) |
| Defendants. | ) |

### ORDER

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment for $70,000 in exchange for shares of stock [Doc. No. 26]. Defendant Hohman opposes the motion with supporting affidavits. The Plaintiff has filed a reply to Defendant's response. For the reasons set forth below, the Motion is denied.

### Discussion

The standards for summary judgment are well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Littrell v. City of Kansas City, Mo.*, 459 F.3d 918, 921 (8th Cir. 2006); *Woods v.*

*DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. At the summary judgment stage, courts do not weigh the evidence and decide the truth of the matter, but rather determine if there is a genuine issue for trial. *Anderson*, 477 U.S. at 249.

Plaintiff was, and possibly still is, the owner of a number of shares of Finan Publishing Company ("Shares"). In Count I of his complaint, Plaintiff alleges that Defendant and Plaintiff reached an agreement ("Agreement") whereby Defendant would pay $70,000 in exchange for the Shares. After a check was issued to Plaintiff from Defendant's Charles Schwab account, Plaintiff sent the Shares to Defendant. According to Plaintiff, there was an agreement or "meeting of the minds"[1] that Plaintiff would exchange the Shares for $70,000 from the Defendant. Plaintiff cites

---

[1] A meeting of the minds "is determined objectively by looking at the intent of the parties as expressed by their actual words or acts." *Paul's Rod & Bearing, Ltd. v. Kelley,* 847 S.W.2d 68, 72 (Mo. Ct. App. 1991).

email correspondence between Defendant and Plaintiff, as well as communications between Defendant and his agent Charles Schwab, as evidence that the parties agreed upon these as the terms of the transaction. Plaintiff asserts that when the exchange took place, the transaction was completed. When the Defendant stopped payment the following day, the Plaintiff alleges he breached the Agreement.

Defendant, through his affidavit, avers that the agreement required certain conditions precedent to performance of the transaction. In particular, Defendant avers that issues relating to a Southwest Bank Loan and the guarantor thereof had to be resolved, and that Defendant was to be provided with financial information on the company, of which some was not produced. Furthermore, Defendant avers that the check was issued erroneously, as Charles Schwab was not authorized to do so. For these reasons, according to the Defendant, there was no "meeting of the minds" and thus no completed transaction.

Through his own supplemental affidavit, Plaintiff denies that he was ever asked to supply supplemental information. Whether or not there existed conditions precedent to performance and completion of the transaction is a genuine issue of material fact. These factual issues relate directly to the issue of the agreement and transaction.

In the alternative, Plaintiff alleges that he was a holder in due course of the

check and therefore he is entitled to payment on the check free of defenses. While a payee of an instrument, (i.e. a check), can be a holder in due course, it is not the normal situation. *See Dalton & Marberry, P.C. v. NationsBank, N.A.*, 982 S.W.2d 231, 235 (Mo. 1998) (en banc). Plaintiff has failed to sufficiently establish that he was a holder in due course. To be a holder in due course, the holder must take the instrument:

> (I) for value, (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series, (iv) without notice that the instrument contains an unauthorized signature or has been altered, (v) without notice of any claim to the instrument described in Section 400.3-306, and (vi) without notice that any party has a defense or claim in recoupment described in Section 400.3-305(a).

§ 400.3-302 R.S.Mo. An instrument may be transferred for value if transferred in exchange for a negotiable instrument. § 400.3-303 R.S.Mo. A negotiable instrument is a promise or order to pay a fixed sum of money. § 400.3-104 R.S.Mo. Plaintiff, though, has failed to establish that the stock certificate promises or orders payment of money, and is thereby a negotiable instrument.

Based on the record before the Court, the Plaintiff is not entitled to summary judgment at this time. Considering all the facts, together with reasonable inferences to be drawn therefrom, it appears that genuine issues of fact remain. Summary judgment is therefore not appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Doc. No. 26] is **DENIED**.

Dated this 28th day of February, 2008.

_____
    HENRY EDWARD AUTREY
   UNITED STATES DISTRICT JUDGE